TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Richard Feldman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Richard Feldman,

Plaintiff,

vs.

CBE Group, Inc.; and DOES 1-10, inclusive,

Defendants.

Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

For this Complaint, the Plaintiff, Richard Feldman, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

4. The Plaintiff, Richard Feldman (hereafter "Plaintiff"), is an adult individual residing at 1234 North 36th Street, #101, Phoenix, Arizona 85008, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, CBE Group, Inc. (hereafter "CBE"), is a company with an address of 1309 Technology Parkway, Cedar Falls, Iowa 50613, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CBE and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CBE at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. An alleged financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor") by someone other than the Plaintiff (the "Debtor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned, or transferred to CBE for collection, or CBE was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CBE Engages in Harassment and Abusive Tactics

12. In or around the beginning of December of 2013, CBE started calling Plaintiff in an attempt to collect the Debt from the Debtor.

13. Plaintiff is not the Debtor, does not know the Debtor, and is in no way responsible for repayment of the Debt.

14. When Plaintiff answered the calls from CBE, he repeatedly selected the automated option that would supposedly stop all further calls to his phone.

15. Despite repeatedly selecting the option to stop the calls, CBE continued calling Plaintiff in an attempt to collect the Debt from the Debtor.

16. During one call from CBE, in or around the week of December 9, 2013, Plaintiff selected the automated option to wait on the phone and speak with a CBE representative. When Plaintiff spoke with the CBE representative, he explained that he was not the Debtor, did not know the Debtor, and asked that all calls cease. The CBE representative told Plaintiff that she was unable to assist him with stopping the calls, but provided Plaintiff a different phone number for CBE and told Plaintiff to call that number.

17. Plaintiff then called the number provided by the CBE representative, but he was unable to reach a live representative or speak with anyone from CBE.

18. Thereafter, CBE continued calling Plaintiff in an attempt to collect the Debt from the Debtor.

19. On or about January 15, 2014, Plaintiff selected the option to wait on the phone and speak with a CBE representative for a second time. When Plaintiff spoke with the CBE representative, he once again explained that he was not the Debtor, did not know the Debtor, and asked that all calls cease.

20. CBE's repeated calls to Plaintiff, despite Plaintiff's repeated efforts to stop the calls, caused Plaintiff to feel frustrated.

### C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

27. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT II**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

32. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

33. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

34. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

35. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

37. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 7, 2014

LEMBERG & ASSOCIATES, LLC

By: *_/s/ Trinette G. Kent_*
Trinette G. Kent

Attorney for Plaintiff,
Richard Feldman